UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC BANK, NATIONAL
ASSOCIATION,

            Case No. 2:23-cv-11888

    Plaintiff,           HONORABLE STEPHEN J. MURPHY, III

v.

BALLRHODES TRUCKING, LLC, et al.,

    Defendants.
_____/

**OPINION AND ORDER**
**GRANTING MOTION FOR DEFAULT JUDGMENT [15]**

    Plaintiff PNC Bank sued Defendant Ballrhodes Trucking for breach of contract and sued Defendants Jackie Ball and Kyle Ball for breach of guaranty. ECF 1. After Defendants failed to timely answer the complaint, Plaintiff requested that the Clerk of the Court enter Defendants into default. ECF 8, 9, 10. The Clerk of the Court entered Defendants into default on September 7, 2023. ECF 11, 12, 13. Plaintiff then moved for default judgment against Defendants. ECF 15. Defendants did not respond to the motion. For the reasons below, the Court will grant the motion for default judgment and close the case.

**BACKGROUND**

    Plaintiff is a national banking association with its principal place of business in Pennsylvania. ECF 1, PgID 1. Defendants Jackie Ball and Kyle Ball, both citizens of Michigan, are the sole members of Defendant Ballrhodes Trucking, a Michigan

1

limited liability company. *Id.* at 2. In June 2020, Plaintiff and Defendant Ballrhodes Trucking entered into a loan and security agreement (Agreement) in which Plaintiff agreed to finance Ballrhodes Trucking's purchase of a commercial Freightliner truck in which Plaintiff would have a security interest. ECF 1-1, PgID 16–21. In return, Ballrhodes Trucking agreed to make seventy-two consecutive monthly payments of $3,552.08 plus applicable taxes. *Id.* Defendants Jackie Ball and Kyle Ball signed the agreement as guarantors. ECF 1-3, PgID 26. Plaintiff perfected its first priority security interest in the truck by recording its lien on the certificate of title. ECF 1-2, PgID 23.

On February 1, 2023, Defendant Ballrhodes Trucking defaulted by failing to make the payment due that month and every month thereafter. ECF 1, PgID 4. As a result, Plaintiff sued to "recover the outstanding principal balance and accrued interest together with any amounts payable under the Agreement, which equals $141,454.48." *Id.* Additionally, Plaintiff claimed it is entitled to "payment of late charges in the amount of $710.40," "prejudgment interest at the rate of 18% per annum from the date of default to the date of judgment," "site visit and repossession fees in the amount of $500.00," "attorneys' fees and costs," and possession of the truck. *Id.* at 4–5; *see* ECF 1-1, PgID 17–18.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) empowers courts to enter default judgment against defendants who did not plead or otherwise defend against an action. Obtaining a default is a prerequisite to default judgment. *Id.* Once default is

entered, courts treat the defendant as having admitted the complaint's well-pleaded allegations. *McIntyre v. Ogemaw Cty. Bd. of Comm'rs*, No. 15-cv-12214, 2017 WL 1230477, at *2 (E.D. Mich. Apr. 4, 2017). If the allegations, taken as true, "are sufficient to support a finding of liability . . . the Court should enter judgment." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006).

If the Court determines that default judgment is appropriate, the Court must determine the "amount and character" of the recovery awarded. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (4th ed. 2017) (collecting cases). Although the Court must take the complaint's well-pleaded factual allegations as true, Plaintiff must [still] prove allegations related to damages. *Id.* (citing *Thomson v. Wooster*, 114 U.S. 104 (1885) and *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995)). The Court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quotation omitted). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed R. Civ. P. 54(c).

## DISCUSSION

Plaintiff argued that the Court should grant default judgment against Defendants on all claims. ECF 15. The Court will address each claim in turn. Then, the Court will assess what damages, if any, Plaintiff is entitled to.

3

I.  Default Judgment

    A.  *Breach of Contract Against Defendant Ballrhodes Trucking*

Plaintiff's allegations against Defendant Ballrhodes Trucking, taken as true, support a finding of liability for breach of the Agreement. Because the case was brought under the Court's diversity jurisdiction, the Court must "apply the same law that [the S]tate courts would apply." *Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.*, 898 F.3d 710, 715 (6th Cir. 2018); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Plaintiff "assumed that Michigan law governs, and because the contract was presumably executed and performed in Michigan, and any other alleged basis for recovery occurred in Michigan, it does appear that Michigan law governs." *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1129 (6th Cir. 1995). To prevail on a breach of contract claim under Michigan law, Plaintiff must prove "(1) there was a contract; (2) which the other party breached; and (3) thereby resulting in damages to the party claiming breach." *El-Khalil v. Oakwood Healthcare, Inc.*, 504 Mich. 152, 164 (Mich. 2019) (quotation marks and quotation omitted).

Plaintiff alleged that the Agreement required Ballrhodes Trucking to "make seventy-two [] consecutive monthly payments of $3,552.08, plus all applicable taxes." ECF 1, PgID 3. In support, Plaintiff attached the executed Agreement. ECF 1-1. Plaintiff also claimed that it "fully performed its obligations under the Agreement" but that "Ballrhodes Trucking defaulted under the Agreement by failing to make all necessary payments when due." ECF 1, PgID 5. Deeming these allegations as

admitted, the Court finds that Plaintiff adequately stated a claim for relief on the breach of contract claim against Defendant Ballrhodes Trucking.

    B.    *Breach of Guaranty Against Defendants Jackie Ball and Kyle Ball*

Additionally, Plaintiff's allegations against Defendants Jackie Ball and Kyle Ball, if true, indicate liability for breach of guarantor agreements. Because the guarantor agreements are contracts, the same analysis for breach of contract applies. Plaintiff attached the signed guarantor agreements, ECF 1-3, PgID 26, and alleged that Defendants Jackie Ball and Kyle Ball "defaulted under the Guaranty by failing and refusing to make payment due when due." ECF 1, PgID 6–7. Viewing the allegations as true, Plaintiff adequately stated a claim for relief on the breach of guaranty claims as to Defendants Jackie Ball and Kyle Ball.

    C.    *Replevin Against Defendant Ballrhodes Trucking*

Plaintiff also alleged that under "the Agreement and due to Ballrhodes Trucking's default, [Plaintiff] is entitled to return of the [Freightliner truck]." ECF 1, PgID 8. Plaintiff stated that it "demanded the return of the [truck] from Ballrhodes Trucking" and that Defendant "Ballrhodes Trucking refuses to surrender the [truck] voluntarily" and "is wrongfully and unlawfully detaining the [truck]." *Id.* In Michigan, "[a] civil action may be brought to recover possession of any goods or chattels which have been unlawfully taken or unlawfully detained and to recover damages sustained by the unlawful taking or unlawful detention" as long as the Court "determines that the claim for recovery is probably valid." Mich. Comp. Laws § 600.2920; *see also* Fed. R. Civ. P. 64 (permitting federal courts to award replevin as

a civil remedy). Plaintiff supported its claim that it has a valid property interest in the truck by providing the terms of the Agreement, ECF 1-1, PgID 17, and the perfected security interest recorded on the certificate of title, ECF 1-2, PgID 23. The Court therefore finds that Plaintiff adequately stated a claim for replevin against Defendant Ballrhodes Trucking.

### D. *Turnover of Collateral Under Michigan Law*

Last, Plaintiff brought a claim under Michigan law to compel Defendants to "assemble the [truck] and make it available to [Plaintiff] within fourteen [] calendar days at a place to be designated by [Plaintiff]. ECF 1, PgID 10–11; Mich. Comp. Laws § 440.9609 ("After default, a secured party may . . . take possession of the collateral."). *Id.* Because the Court has found that Plaintiff has a right to default judgment against Defendants and that Plaintiff has a perfected security interest in the truck, Plaintiff may recover under this section of Michigan's uniform commercial code.

## II. Damages

As a result of Defendants' defaults, Plaintiff seeks the remaining loan balance of "$141,454.48, plus late charges of $710.40, site visit and repossession fees of $500.00, and prejudgment interest of $15,556.11 as of September 13, 2023, for a total of $158,220.99." ECF 15, PgID 56. Defendants provided an affidavit in support of these calculations. ECF 15-5. Michael McGinley, Plaintiff's Vice President of Litigation and Recovery, calculated that Defendants owed forty-two payments of $3,552.08 discounted to the present value at three percent, for a total of $141,454.48. ECF 15-5, PgID 104. He also calculated prejudgment interest at a rate of eighteen

6

percent. *Id.* at 104–05, 110. All calculations are supported by the loan agreement. And the Court will adjust Mr. McGinley's prejudgment interest calculation to reflect the date preceding this judgment.

Plaintiff also alleged it is entitled to attorneys' fees totaling $3,845.30. ECF 15, PgID 56. The Court must conduct a lodestar analysis before granting an award. *Dowling v. Litton Loan Serv. LP*, 320 Fed. App'x 442, 446 (6th Cir. 2009). The lodestar method begins with calculating the product of "a reasonable hourly rate" and "the number of hours reasonably expended on the litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 446 (1983). According to an affidavit by Plaintiff's counsel, the law firm spent a total of 5.9 hours on the matter at an hourly rate of $295.00 per hour for a total of $1,740.50. ECF 15-6, PgID 118–19. Additionally, Plaintiff's local counsel allegedly spent 4.8 hours at an hourly rate of $295.00 for a total of $1,416.00. ECF 15-7, PgID 121–22. The Court finds that the hourly rates and time spent preparing the complaint, attempting service, and preparing the motion for default judgment with all supporting documentation are reasonable.

As for costs, Plaintiff is entitled to the $400 filing fee as costs for filing the present case. *See* 15 U.S.C. § 1692k(3); Mich. Comp Laws §§ 339.916(2), 445.257(2) (granting litigation costs as recoverable damages); *see also* ECF 1. Plaintiff's local counsel alleged that the firm incurred $688.80 in costs. ECF 15-7, PgID 122. It is unclear what these costs were for, and the Court cannot determine whether these costs are reasonable. Therefore, the Court will not award more than the $400 filing fee.

In sum, Plaintiff is entitled to the following:

(1) The remaining loan balance of $141,454.48;
(2) Late charges of $710.40;
(3) Site visit and repossession fees of $500.00;
(4) Prejudgment interest of $23,788.16;[1]
(5) Attorneys' fees of $3,156.50;
(6) Filing fee of $400.00.

The total amount owed is therefore $170,009.14.

Finally, the Court finds that Plaintiff is entitled to replevin and turnover of collateral. The loan agreement provides that "[u]pon the occurrence of default . . . we may [] sell or lease the [truck] at public or private sale or lease." ECF 15-5, PgID 110. The agreement further details that "if we do sell the [truck], we will apply any proceeds we receive to reduce your obligations under this Section." *Id*. Mr. McGinley estimated that "the fair market value of the truck is approximately $85,000.00, depending on condition." ECF 15-5, PgID 105. Accordingly, the Court will order that the amount owed to Plaintiff be reduced by the proceeds received if Plaintiff sells or leases the truck upon repossession.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion for default judgment is **GRANTED** in the amount of **$170,009.14**.

---

[1] Prejudgment interest is calculated based on Mr. McGinley's determination that the per diem interest is $69.76. Defendants allegedly defaulted as of February 2, 2023. 341 days passed between February 2, 2023 and January 9, 2024. Therefore, prejudgment interest is the product of 341 days and $69.76 per diem.

**IT IS FURTHER ORDERED** that if Plaintiff sells or leases the truck upon repossession, the amount owed to Plaintiff will be **REDUCED** by the proceeds of the sale or lease.

**IT IS FURTHER ORDERED** that Defendants must **TURN OVER** the truck to Plaintiff **within fourteen days of this order**.

**IT IS FURTHER ORDERED** that if Defendants fail or refuse to turn over the truck within fourteen days of this order, Plaintiff may **REPOSSESS** the truck by any lawful means.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 10, 2024